**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLOOMFIELD SURGICAL CENTER a/s/o JEFFREY C., <br><br> Plaintiff, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 17-0149 (ES) (JAD) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendant Cigna Health and Life Insurance Company's[1] ("Cigna") partial motion to dismiss Plaintiff Bloomfield Surgical Center a/s/o Jeffrey C.'s ("Bloomfield Surgical") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 4 ("Motion")). The Court has jurisdiction over this case under 28 U.S.C. § 1331. Having considered the parties' submissions in support of and in opposition to the Motion, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Cigna's Motion is GRANTED.

---

[1] The parties stipulated that (i) "Cigna Health and Life Insurance Company shall be substituted as Defendant in place of 'Cigna Healthcare, Inc.'"; (ii) "[t]he allegations in the Complaint as to 'Cigna Healthcare, Inc.' shall be deemed to refer to Cigna Health and Life Insurance Company and not Cigna Healthcare, Inc."; (iii) "[a]ny Answers or Motions filed on behalf of Cigna Health and Life Insurance Company i/p/a Cigna Healthcare, Inc. shall be deemed to have been filed on behalf of Cigna Health and Life Insurance Company"; and (iv) "[t]he caption in this action shall be deemed to substitute Cigna Health and Life Insurance Company in place of Cigna Healthcare, Inc." (D.E. No. 8).

1

## I. Factual Background[2]

Bloomfield Surgical is a healthcare provider in Essex County, New Jersey. (D.E. No. 4-2, Ex. A ("Compl.") ¶ 1). Cigna provides and administers health care plans. (*Id.* ¶ 2). On or about September 17, 2015, Jeffrey C.—an individual insured by Cigna—underwent a lumbar laminotomy, foraminotomy, partial facetectomy, and discectomy of the lumbar spine at Bloomfield Surgical. (*Id.* ¶¶ 4-5). Bloomfield Surgical alleges that these procedures were "medically necessary and reasonable" and that Cigna has refused to remit proper reimbursement. (*Id.* ¶ 3). Bloomfield Surgical obtained an assignment of benefits from Jeffrey C. and demanded reimbursement from Cigna in the amount of $40,500.00. (*Id.* ¶¶ 6-7). Cigna remitted payment for $10,044.42. (*Id.* ¶ 8).

Bloomfield Surgical alleges that it "engaged in the applicable administrative appeals process maintained by [Cigna]." (*Id.* ¶ 9). During the appeals process, Bloomfield Surgical "requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor." (*Id.* ¶ 10). But, according to Bloomfield Surgical, Cigna "never responded to any of [its] appeals" and "never provided [it] with the identity of the Plan Administrator/Plan Sponsor or the Summary Plan Description." (*Id.* ¶¶ 11-12). Bloomfield Surgical alleges that, "[t]aking into account any known deductions, copayments, and coinsurance, [Cigna's] reimbursement amounts to an underpayment of $30,455.58." (*Id.* ¶ 13).

## II. Procedural Posture

Bloomfield Surgical brings the following four counts: (1) breach of contract; (2) failure to make all payments pursuant to a member's plan under 29 U.S.C. § 1132(a)(1)(B); (3) failure to

---

[2] The Court must accept Bloomfield Surgical's factual allegations as true for purposes of resolving Cigna's Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012) ("As such, we set out facts as they appear in the Complaint and its exhibits.").

provide requested documents under 29 U.S.C. § 1132(a)(1)(A), 29 U.S.C. § 1132(c)(1)(B); and (4) failure to establish/maintain reasonable claims procedures under 29 C.F.R. 2560.503-1. (*Id.* ¶¶ 10-15).

Cigna moved to dismiss Counts One and Four of Bloomfield Surgical's Complaint. (*See generally* D.E. No. 4-1 ("Def. Mov. Br.")). Bloomfield Surgical voluntarily agreed to withdraw Count One, but opposed Cigna's motion to dismiss Count Four. (D.E. No. 5 ("Pl. Opp. Br.") at 1). Cigna replied. (D.E. No. 6). Cigna's Motion is now ripe for adjudication.

### III.   Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that although the pleading standard does not require detailed factual allegations, it does demand "more than an unardorned, the defendant-unlawfully-harmed-me-accusation").[3] In addition, a plaintiff's short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3]   Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

3

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court is not required to accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

## IV. Discussion

### A. Count Four

Count Four alleges that Cigna failed "to establish/maintain reasonable claims procedures under 29 C.F.R. 2560.503-1." (Compl. ¶¶ 36-44). That regulation "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries." 29 C.F.R. § 2560.503-1(a).

#### i. *The Parties' Arguments*

Cigna argues that Count Four must be dismissed because 29 C.F.R. 2560.503-1 does not create a private right of action. (Def. Mov. Br. at 8). Cigna cites several cases purportedly in support, including the Supreme Court's decision in *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S.

4

134 (1985). Cigna argues in the alternative that even if the regulation does create a private right of action, Count Four must be dismissed because the regulation does not provide for monetary damages. (*Id.*). According to Cigna, the proper remedy for a violation of Section 503 of ERISA (or its applicable regulation) "is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." (*Id.*) (citing *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000)).

In its two-page opposition brief, Bloomfield Surgical argues that the Court should wait until it rules on Counts Two and Three before dismissing Count Four. (Pl. Opp. Br. at 1). Specifically, Bloomfield Surgical contends that, if it "is not entitled to benefits under the Plan, [it] might still be entitled to 'other appropriate equitable relief' to remedy any breaches of fiduciary duty." (*Id.*; *see also id.* at 2 (noting that "subsection (a) of the 'wherefore clause' requests 'an Order that . . . [Bloomfield Surgical] is deemed to have exhausted all required administrative remedies . . .' and subsection (d) of same requests 'such other and further relief as the Court may deems just and equitable'")). Bloomfield Surgical also attempts to distinguish *Mass. Mut. Life Ins. Co.*, but ignores every other case cited by Cigna. (*See id.* at 2).

### ii.  *Analysis*

The Court agrees with Cigna and holds that 29 C.F.R. § 2560.503-1 does not give rise to a private right of action. As a general matter, the Third Circuit has stated that the statutory provision to which 29 C.F.R. § 2560.503-1 applies "sets forth only the disclosure obligations of the Plan and . . . does not establish that those obligations are enforceable through the sanctions" of ERISA's civil enforcement provision. *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000); *see also Ashenbaugh v. Crucible Inc., 1975 Salaried Ret. Plan*, 854 F.2d 1516, 1532 (3d Cir. 1988) (noting "the general principle that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy").

More specifically, courts in this District routinely hold that 29 C.F.R. § 2560.503-1 does not give rise to a private right of action. *See Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield*, No. 15-8590, 2016 WL 4499551, at *11-12 (D.N.J. Aug. 25, 2016) (collecting cases).[4] In fact, several of these cases involve counsel for Bloomfield Surgical and a count virtually identical to Count Four. *See, e.g.*, *Univ. Spine Ctr.*, 2017 WL 3610486; *Bloomfield Surgical*, 2017 WL 2304642; *Drzala*, 2016 WL 2932545. And at least one district court has addressed and rejected Bloomfield Surgical's argument that it may seek equitable relief (e.g., an Order that it has exhausted its administrative remedies) under 29 C.F.R. § 2560.503-1. *See Univ. Spine Ctr.*, 2017 WL 3610486, at *5 (observing that "a plan administrator's failure to comply with 29 C.F.R. § 2560.503-1 merely shields the claimant from a finding that he or she failed to exhaust administrative remedies, and may be probative of whether a denial of benefits was arbitrary and capricious; it does not provide an independent cause of action"). As noted above, Bloomfield Surgical does not address any of these cases.

Accordingly, the Court will follow the reasoning of the cases cited herein and dismiss Count Four *with prejudice*.

## V. Conclusion

For the foregoing reasons, Cigna Healthcare, Inc.'s Motion is GRANTED. Count Four of Bloomfield Surgical's Complaint is dismissed *with prejudice*. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] *See also Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, No. 16-9253, 2017 WL 3610486, at *5 (D.N.J. Aug. 22, 2017); *Bloomfield Surgical Ctr. v. Cigna Health and Life Ins.*, No. 16-8645, 2017 WL 2304642, at *3 (D.N.J. May 25, 2017); *Drzala v. Horizon Blue Cross Blue Shield*, No. 15-8392, 2016 WL 2932545, at *6 (D.N.J. May 18, 2016); *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-3057, 2013 WL 5780815, at *8-9 (D.N.J. Oct. 25, 2013).